**KOLITCH ROMANO DASCENZO GATES LLC**
SHAWN J. KOLITCH, OSB No. 063980
*Email:* shawn@krdglaw.com
THOMAS J. ROMANO, OSB No. 053661
*Email:* tj@krdglaw.com
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **JHB & TLB, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **CTR DENTAL NORTHWEST LLC** and **CTR SERVICES NORTHWEST LLC,** <br><br> Defendants. | Case No.: 3:25-cv-1633 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY DEMAND** |

Plaintiff JHB & TLB, LLC d/b/a Pacific Crest Dental Group ("PCDG") alleges, based on actual knowledge with respect to PCDG's acts, and based on information and belief with respect to all other matters, against Defendants CTR Dental Northwest LLC d/b/a Pacific Crest Smiles Dental and CTR Services Northwest LLC d/b/a Pacific Crest Smiles as follows:

Page 1 – COMPLAINT

## NATURE OF THE CASE

This is a civil action for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. § 1051, *et. seq.*) and under Oregon law, arising from Defendants' adoption and use of a mark that incorporates PCDG's PACIFIC CREST trademark for services identical to PCDG's services in the same region in which PCDG's services are offered and performed, as more fully described herein.

## THE PARTIES

1.  Plaintiff JHB & TLB, LLC ("PCDG") is an Oregon limited liability company with a principal place of business located at 810 Liberty Street NE, Salem, Oregon 97301, and does business under the business name "Pacific Crest Dental Group."

2.  On information and belief, Defendant CTR Dental Northwest LLC d/b/a Pacific Crest Smiles Dental ("PCSD") is an Oregon limited liability company with a principal place of business located at 5441 S Macadam Avenue Suite R, Portland, Oregon 97239, and does business under the business name "Pacific Crest Smiles Dental."

3.  On information and belief, Defendant CTR Services Northwest LLC d/b/a Pacific Crest Smiles ("PCS") is an Oregon limited liability company with a principal place of business located at 5441 S Macadam Avenue #4350, Portland, Oregon 97239, and does business under the business name "Pacific Crest Smiles."

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 because this action arises, in part, under 15 U.S.C. §§ 1125.

5. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are headquartered and formed in this judicial district, solicit and conduct business within this judicial district, and advertise and offer goods and services, which are the subject of the claims in this action, to customers and/or potential customers in this judicial district and directly or through others have offered and sold their goods and services to customers in this judicial district, and such exercise of personal jurisdiction over Defendants comports with the laws of the State of Oregon and the constitutional requirements of due process.

6. Venue is proper in the judicial district pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district, maintain their principal places of business in this judicial district, are formed in this judicial district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the division.

## FACTUAL ALLEGATIONS

### *Plaintiff PCDG and its Background, Business, and Trademarks*

7.     PCDG is a well-known dental office that has provided its services using the distinctive mark PACIFIC CREST since at least as early as 2019. This includes using PACIFIC CREST as part of the text mark PACIFIC CREST DENTAL GROUP and the logo shown below, depicting a mountain scene with the words "Pacific Crest" immediately below the mountain scene and the words "Dental Group" below "Pacific Crest:"



PCDG also uses PACIFIC CREST as part of the phrase PACIFIC CREST DENTAL in its online advertising, for instance as shown below:



The marks PACIFIC CREST, PACIFIC CREST DENTAL, and PACIFIC CREST DENTAL GROUP will be referred to collectively as Plaintiff's "Pacific Crest Marks."

Page 4 – COMPLAINT

8. PCDG provides comprehensive dental services to patients of all ages, including routine preventive care, emergency dental care, cosmetic dentistry, surgical dentistry, and dentures.

9. PCDG has used its distinctive Pacific Crest Marks substantially exclusively and continuously for dental services since at least as early as 2019.

10. In addition to the common law trademark rights accrued through PCDG's longstanding use of the Pacific Crest Marks in Oregon, PCDG owns Oregon State Service Mark Registration No. 53714 for its PACIFIC CREST logo mark. The Oregon service mark registration is attached as **Exhibit A**.

11. PCDG has built up significant goodwill and a valuable reputation for its performance of a full range of high-quality dental services in connection with its Pacific Crest Marks.

12. As a result of PCDG's long-term continuous, exclusive, prominent, and successful use of its Pacific Crest Marks in connection with providing dental services, the Pacific Crest Marks have come to be recognized as a designation of origin for PCDG's services, communicating the high quality and trustworthiness of PCDG and its services to consumers.

13. The Pacific Crest Marks are distinctive and valid service marks.

14. PCDG is the sole owner of all rights, title and interest in and to the Pacific Crest Marks and has not licensed or otherwise authorized Defendants to use the Pacific Crest Marks.

*Defendants and Their Infringing Activities*

15. On information and belief, PCS applied to register the Pacific Crest Smiles assumed business name with the Oregon Secretary of State on March 18, 2025.

16. On information and belief, PCSD applied to register the Pacific Crest Smiles Dental assumed business name with the Oregon Secretary of State on March 20, 2025.

17. One or both Defendants operate several dental offices under the Pacific Crest Smiles business name along the Interstate 5 corridor in Oregon and southwest Washington.

18. On information and belief, before sometime in March or April of 2025, the clinics currently operated under the Pacific Crest Smiles name operated under the Smiles Dental name.

19. As of August 22, 2025, Defendants' www.pacificcrestsmiles.com website advertised Pacific Crest Smiles dental office locations in six cities in Oregon state (Milwaukie, Salem, Lebanon, Eugene, Roseburg, and Riddle) and two cities Washington state (Ridgefield and Columbia).

Page 6 – COMPLAINT

20. The Pacific Crest Smiles Salem office was removed from the list of locations displayed on the www.pacificcrestsmiles.com website sometime between August 22, 2025 and August 29, 2025.

21. On the www.pacificcrestsmiles.com website, one or both Defendants advertise services under the Pacific Crest Smiles name that are substantially identical to the services PCDG provides, namely, comprehensive dental services for patients of all ages, including routine preventive care, emergency dental care, cosmetic dentistry, surgical dentistry, and dentures.

22. As of August 22, 2025, one or both Defendants advertised dental services on Google using "Pacific Crest Dental."

23. As of September 5, 2025, the Dental Cleanings page of the Pacific Crest Smiles website (www.pacificcrestsmiles.com/dental-cleanings) refers to the business name as "Pacific Crest Dental."

24. On information and belief, one or both Defendants provide the advertised services under the Pacific Crest Smiles name in the dental office locations advertised on the www.pacificcrestsmiles.com website.

25. On information and belief, with knowledge of PCDG's rights in the Pacific Crest Marks, on August 21, 2025 Defendant PCS filed an application with the U.S. Patent & Trademark Office to register the PACIFIC CREST SMILES mark for dentist services under U.S. Service Mark Application No. 99/350,253.

26. One or both Defendants have adopted the logo shown below, depicting a mountain scene with the words "Pacific Crest" immediately below the mountain scene and the word "Smiles" below "Pacific Crest."



*Actual Consumer Confusion*

27. At least as early as mid-June 2025, approximately two months after Defendants began advertising and providing dental services under the Pacific Crest Smiles name, PCDG began to receive a significant number of contacts from patients and other dental and medical providers who believed they were contacting Defendants.

28. Between June 17, 2025 and August 19, 2025, PCDG documented more than 30 communications from individuals who intended to contact one of Defendants' Pacific Crest Smiles offices.

29. At least one patient dissatisfied with services received from one of Defendants' Pacific Crest Smiles offices left a negative review on PCDG's Google profile.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition in Violation of 15 U.S.C. § 1125(a))

30. PCDG incorporates the allegations of the previous paragraphs as though fully set forth herein.

31. Each of PCDG's Pacific Crest Marks is inherently distinctive as applied to PCDG's dental services, or in the alternative had acquired distinctiveness prior to Defendants' acts alleged herein.

32. Without PCDG's consent, Defendants are using marks that are confusingly similar to the Pacific Crest Marks in connection with advertising and performing services identical to PCDG's services advertised and performed under the Pacific Crest Marks.

33. Defendants' use of confusingly similar imitations of the Pacific Crest Marks for dental services is likely to cause, and has caused, confusion, deception, and mistake by creating the false and misleading impression that Defendants' dental services are affiliated, associated, or connected with PCDG's dental services, or sponsored, endorsed, or approved by PCDG.

34. Defendants' acts have caused, and will continue to cause, injury to PCDG's goodwill and reputation as symbolized by the PCDG Marks, for which PCDG has no adequate remedy at law.

35. At all relevant times, Defendants knew of PCDG's Pacific Crest Marks. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with PCDG's Pacific Crest Marks, to PCDG's great and irreparable harm.

36. Defendants' unauthorized use of confusingly similar imitations of PCDG's Pacific Crest Marks in connection with dental services violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

37. Unless Defendants are preliminarily and permanently enjoined from committing the acts alleged herein, including unauthorized use of marks confusingly similar to the Pacific Crest Marks for services identical to PCDG's services, PCDG will continue to suffer irreparable harm in the form of at least the unquantifiable loss of goodwill associated with the Pacific Crest Marks. Accordingly, PCDG is entitled to injunctive relief under 15 U.S.C. § 1116 restraining Defendants, their officers, agents, employees, and all other persons acting in concert with them, from engaging in any further acts of unfair competition in violation of the Lanham Act.

38. Pursuant to 15 U.S.C. 1117(a), PCDG is entitled to recover damages it has sustained and will sustain as a result of Defendants' wrongful conduct, and the gains, profits, and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

39.  Defendants' conduct makes this an exceptional case under 15 U.S.C. § 1117(a), entitling PCDG to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition Under Oregon Common Law)

40.  PCDG incorporates the allegations of the previous paragraphs as though fully set forth herein.

41.  PCDG's Pacific Crest Marks are inherently distinctive or have acquired distinctiveness through substantially exclusive and continuous use.

42.  Defendants' are in direct competition with PCDG because Defendants' advertise and perform services substantially identical to PCDG's services in the same geographic region in which PCDG operates.

43.  Defendants' use of "Pacific Crest" in direct competition with PCDG creates a likelihood of, and has created actual, consumer confusion.

44.  Defendants' Pacific Crest Smiles dental offices, located along the Interstate 5 corridor in Oregon and southwest Washington, are in PCDG's current area of operation and natural zone of expansion.

45.  Defendants' acts constitute common law trademark infringement and unfair competition, and will continue to create actual confusion and a likelihood of further confusion or to deceive the consuming public and others, whereby they

would be led to mistakenly believe that Defendants are affiliated with, related to, endorsed by, or connected with PCDG, unless restrained by this Court.

46. Defendants have acted with full knowledge of PCDG's use of and common law rights to the Pacific Crest Marks, and without regard to the likelihood of confusion and actual confusion of the public created by their activities.

47. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Pacific Crest Marks to the great and irreparable injury of PCDG.

48. As a result of Defendants' acts, PCDG has suffered damages in an amount not yet determined or ascertainable. At a minimum, however, PCDG is entitled to injunctive relief, an accounting of Defendants' profits, and recovery of PCDG's damages and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, PCDG respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above, and award it relief, including but not limited to the following:

1. An order entering judgment in favor of Plaintiff against Defendants, declaring that the Defendants' use of "Pacific Crest" for advertising and performing

dental services constitutes infringement of PCDG's rights in the Pacific Crest Marks as well as unfair competition under federal and/or state law, as detailed above.

    2.    A permanent injunction enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, wholesale customers, and all persons in active concert or participation with any of them:

    a. From using the phrase "Pacific Crest" or logos containing mountain scenes similar to the image in PCDG's logo mark in connection with dental services in the Pacific Northwest;

    b. From using any other marks, logos, designations, or indicators of source that are confusingly similar to the Pacific Crest Marks on or in connection with advertising or performing any dental services;

    c. From representing by any means whatsoever, directly or indirectly, that Defendants, any products or services offered by Defendants, or any activities undertaken by Defendants are associated or connected in any way with PCDG, are approved by PCDG, or are sponsored by or affiliated with PCDG;

    d. From otherwise competing unfairly with PCDG; and

Page 13 – COMPLAINT

  e. From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(d) above.

3. An Order directing Defendants, pursuant to 15 U.S.C. § 1118, to destroy all signs, advertisements, promotional materials, websites, products, packaging, labels, tags, wrappers, receptacles, and/or any other materials and things that contain or bear any of the designations the use of which is enjoined under the injunctions prayed for herein.

4. An Order directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon counsel for PCDG, within thirty (30) days after the service on Defendant of the injunctions prayed for herein, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunctions;

5. An Order requiring Defendants to account for and pay to PCDG any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

6. An Order requiring Defendants to pay PCDG damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

7.  An Order requiring Defendants to pay PCDG all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

8.  Any other and further relief as the Court may deem just and proper.

## JURY DEMAND

PCDG hereby demands a trial by jury of all issues so triable.

DATED this 11th day of September, 2025.

Respectfully submitted,

KOLITCH ROMANO DASCENZO GATES LLC

s/ Shawn J. Kolitch
Shawn J. Kolitch, OSB No. 063980
*Email: shawn@krdglaw.com*
Thomas J. Romano, OSB No. 053661
*Email: tj@krdglaw.com*
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
*Attorneys for Plaintiff*